IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MALINDA NABORS                                                                              PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:17-cv-00164-SA-DAS

PETE MALONE                                                                                DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is the plaintiff's motion for appointment of counsel. After due consideration, the motion shall be denied.

"[A] motion for appointment of counsel for claims proceeding under the ADEA are examined in the same manner as cases raising civil rights violations, namely counsel is only appointed in exceptional circumstances." *Reed v. Potter*, 2009 WL 10668519, *1 n.2 (N.D. Ga. Feb. 27, 2009) (citing *Conboy v. Edward D. Jones & Co., L.P.*, 140 Fed. Appx. 510, 517 (5th Cir. 2005)). The Fifth Circuit has promulgated the following factors for this Court to consider when evaluating a request for counsel in a civil case:

   (1) the type and complexity of the case;

   (2) whether the [*pro se* litigant] is capable of adequately presenting his case;

   (3) whether the [*pro se* litigant] is in a position to investigate adequately the case; and

   (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Conboy*, 140 Fed. Appx. at 517 (quoting *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir.1986)). The Court should also consider whether the appointment of counsel would be a "service" to the defendant and the court as well as the plaintiff, since representation by counsel may sharpen the presentation of the issues, shorten the trial, and assist the court in

reaching a just determination. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The first factor to be considered in deciding to appoint counsel is the type and complexity of the case. Here, plaintiff alleges age discrimination in that her employer hired younger employees and reduced plaintiff's hours to less than full-time. Nabors alleges that while her hours were reduced, younger employees' hours increased. After plaintiff filed a notice of discrimination, she alleges she was "written up" and demoted. According to both her form and hand-written complaint, plaintiff continues to work reduced hours and has yet to reclaim her previous "key-holder" position. A thorough, liberal review and construction of the pleadings, in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972), reveals that there are no complex issues to be decided.

The Court must also consider whether the *pro se* litigant is capable of adequately presenting her case. After a review of the file in the instant case and despite the contention that she "need[s] a lawyer to file [her] lawsuit plus write out a complaint," it appears that the plaintiff is very capable of presenting the instant claim with limited assistance from the Court. In fact, plaintiff has already filed the instant action, including both a form complaint and a hand-written complaint. The pleadings thus far demonstrate that she has the ability to adequately represent herself.

*Ulmer* further directs that the Court inquire as to whether the *pro se* litigant is in a position to adequately investigate the case. As of the date of her complaint, plaintiff continued to work for her employer against whom she filed this suit. In her complaint, she states the names, ages, and hours worked of her various co-workers to support her claim of age discrimination. She attached her pay stubs as evidence of her reduced hours. There is nothing in plaintiff's case to indicate she will be unable to adequately continue the investigation of her claim.

Finally, plaintiff should be able to effectively present her claims at trial, since the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. In light of plaintiff's allegations, it is reasonable to anticipate that there will be conflicting testimony at trial, if the case reaches that stage. However, that is true of almost all cases and it has been the experience of the Court that in many such cases it has tried that, following the procedures employed by this Court, an adequate probing of the testimony of defense witnesses is possible, even with a *pro se* plaintiff.

As is almost always the case, this proceeding would no doubt benefit to some extent from the presence of counsel for the plaintiff. The trial would no doubt progress somewhat more expeditiously, and counsel might serve to refine and sharpen the issues. It may be safely assumed that it is preferable in any case that the parties be represented by capable and well-prepared counsel than that they proceed *pro se*. However, unless the "exceptional circumstances" rule is to be abandoned and counsel is to be appointed for all *pro se* litigants in all cases—a course which the Court is not free to take even if it wished to do so—the general desirability of counsel is not a factor which in this case requires the appointment of counsel. Therefore, plaintiff's motion for appointment of counsel shall be denied.

A separate order in accordance with this opinion shall issue this day.

THIS the 18th day of October, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE