IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MELINDA NABORS                                                               PLAINTIFF

V.                                         CIVIL ACTION NO.: 1:17-cv-164-SA-DAS

PETE MALONE                                                             DEFENDANT

ORDER

The Clerk entered a notice that *pro se* Defendant Pete Malone's Answer was past due on January 11, 2018, and upon motion of *pro se* Plaintiff Melinda Nabors, the Clerk entered a default against Defendant on January 18, 2018. Plaintiff then requested the Court to enter a Default Judgment against Defendant.[1] Several days later, Defendant filed a Motion to Set Aside Entry of Default [20], as well as his answer to the complaint. Defendant argues that he was unaware of the necessity to respond to Plaintiff's complaint until he received the letter of Default from January 18. He states that upon realization, he immediately responded by filing his answer one day later. Plaintiff did not respond to Defendant's Motion to set aside the default.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause. . ." FED. R. CIV. P. 55(C). The Fifth Circuit Court of Appeals has instructed district courts to use three factors to determine whether good cause exists to set aside a default: (1) "whether the default was willful"; (2) "whether setting it aside would prejudice the adversary"; and (3) "whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992)).

---

[1] Because the Court today sets aside the Clerk's Entry of Default [15], Plaintiff's Motion for Default Judgment [16] is DENIED.

*Analysis and Discussion*

The first factor the Court examines is whether the Defendant's default was willful. Although it is true that Defendant did not file a responsive pleading with the Court in the time required by the Federal Rules of Civil Procedure, the record does not support a conclusion that the Defendant was intentionally ignoring the litigation. Second, the Court looks at whether setting aside the clerk's entry of default against Defendant will prejudice Plaintiff. In considering whether a plaintiff is at risk of prejudice, "the plaintiff must show that the delay will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F. 3d at 293 (quoting *Berthelsen v. Kane*, 907 F. 2d 617, 621 (6th Cir. 1990)). Plaintiff has not alleged prejudice as the Defendant's motion was unopposed, and the Court is unaware of any loss of evidence here.

Finally, the Court considers whether the Defendant has presented a meritorious defense. Ultimately, in determining whether the defendant has presented a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Jenkins & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). Defendant's Answer lays out defenses that are potentially meritorious, though the facts are not yet fully developed.

*Conclusion*

Since most factors support setting aside the clerk's entry of default against the Defendant, the Court is satisfied that setting aside the default judgment is proper. Default judgments are "generally disfavored in the law" and should not be granted on the claim when the defendant merely "failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). As such, "where there are no intervening

equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy*, 227 F. 3d at 292 (citing *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

For these reasons, the Defendant's Motion to Set Aside Entry of Default [20] is GRANTED, and Plaintiff's Motion for Default Judgment [16] is DENIED.

SO ORDERED this 9th day of May, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE