**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**MALINDA NABORS**                                                **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.  1:17-cv-00164-DAS**

**PETE MALONE** *d/b/a SUBWAY*                                    **DEFENDANT**

**MEMORANDUM OPINION**

This matter arises on Defendant's Motion for Summary Judgment [71]. After considering the matter, the court finds as follows:

*Facts and Procedural History*

Malinda Nabors alleges her employer, Pete Malone, violated the Age Discrimination in Employment Act by "routinely providing much younger employees many more hours of work per week than those scheduled for Plaintiff."[1] She also alleges a claim of retaliation under the ADEA in that she suffered a "demotion from the position of shift leader, unfair disciplinary actions, and continuing subjective arbitrary scheduling of fewer hours for her than for her much younger and inexperienced co-workers" after filing a charge of age discrimination with the Equal Employment Opportunity Commission.[2] Nabors obtained right to sue letters from the EEOC and filed suit.

---

[1] Plaintiff's First Amended Complaint, [Dkt. 53], p. 13.
[2] *Id.*

## *Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citations omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

## *Analysis and Discussion*

Defendant moves for summary judgment, arguing that

1. Nabors has failed to make a *prima facie* case of age discrimination or retaliation.

2. Nabors has failed to rebut Defendant's legitimate, non-discriminatory reasons for her scheduled hours or for not returning her store key.

3.  Malone is not Nabors's employer within the meaning of the ADEA.

The Court finds the third issue dispositive, and limits its analysis to that issue alone.

Under the ADEA, an employer may not discriminate against an employee based on age or retaliate

against an employee for filing a charge of age discrimination with the EEOC. 29 U.S.C. § 623(a)

and (d). The Act defines "employer" as

> a person engaged in an industry affecting commerce who has twenty or more
> employees for each working day in each of twenty or more calendar weeks in the
> current or preceding calendar year: *Provided*, That prior to June 30, 1968,
> employers having fewer than fifty employees shall not be considered employers.
> The term also means (1) any agent of such a person, and (2) a State or political
> subdivision of a State and any agency or instrumentality of a State or a political
> subdivision of a State, and any interstate agency, but such term does not include the
> United States, or a corporation wholly owned by the Government of the United
> States.

29 U.S.C. § 630(b). "Employee" is defined as "an individual employed by an employer." 29 U.S.C.

§ 630(f). "The ADEA provides no basis for individual liability" against non-employers. *Stults v.*

*Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (finding no distinction between the ADEA and "its

closest statutory kin," Title VII, for analysis of what constitutes an "employer").

Malone argues he is not Nabors's employer, but that she is employed by M & M

Investments of Tupelo, Inc., as reflected in her 2017 W-2.[3] Malone made known in his Answer to

the Amended Complaint that he would pursue this defense[4] and identified M & M as Nabors's

employer during discovery.[5]

---

[3] *See* [Dkt. 71-6].
[4] *See* [Dkt. 60], p. 2 (Tenth Defense).
[5] Plaintiff's counsel extensively questioned Malone about M & M during his deposition.

Nabors contends Malone is her employer under the alter ego doctrine, in that he represented to the EEOC that he was Nabors's employer and the owner of Subway. Nabors also faults Malone for not disclosing the identity of his corporation to the EEOC. She claims M & M is a "mere alias" of Pete Malone in that he "is the president, vice president and only officer of M & M investments," and the sole shareholder.[6]

"The Mississippi Supreme Court defines alter ego as 'a corporation used by an individual in conducting personal business, the result being that a court may impose liability on the individual by piercing the corporate veil *when fraud has been perpetrated on someone dealing with the corporation.*'" *Jordan v. Maxfield & Oberton Holdings LLC*, 173 F. Supp. 3d 355, 360 (S.D. Miss. 2016) (emphasis added). Nabors alleges Malone consistently referred to himself as "owner" and "intentionally [and] knowingly misled the EEOC by saying, 'We are a corporation in Mississippi, under Subway letterhead.'"[7]

The courts addressing this issue have found that "the alter ego doctrine does not create an exception to the rule against individual employee liability." *Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir. 2006) (citing *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001)). A defendant "'cannot be held liable . . . under an alter ego theory where, as here, he was not her employer.'" *Black v. Pan Am. Lab., LLC*, 2008 WL 11333774, at *6 (W.D. Tex. Mar. 19, 2008) (quoting *Wright v. Blythe-Nelson*, 2004 WL 1923871, at * 11 (N.D. Tex. Aug. 26, 2004)). *See also Dufrene v. Pellittieri*, 1996 WL 502459, at *7 (E.D. La. Sept. 4, 1996) ("I have been cited to no persuasive authority (particularly none emanating from the Fifth Circuit) to support the proposition that

---

[6] [Dkt. 83], Nabor's Brief in Support of her Response to Malone's Motion for Summary Judgment, p. 1, 4.
[7] [Dkt. 83], p. 5.

individuals may be held liable . . . based on an alter ego theory."). While the Fifth Circuit has not

addressed the issue, the consensus among the circuits, as well as among the district courts in this

circuit, is that an alter ego theory is not available in ADEA and Title VII cases.

Yet even if available, Nabors has failed to satisfy the elements of an alter ego theory. "Alter

ego applies when 'there is such unity between corporation and individual that the separateness of

the corporation has ceased to exist." *Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d

635, 643 (5th Cir. 1991). Whether the alter ego doctrine applies depends on the totality of the

circumstances, with the following factors being illustrative:

> The total dealings of the corporation and the individual, including the degree to
> which corporate formalities have been followed and corporate and individual
> property have been kept separately, the amount of financial interest, ownership and
> control the individual maintains over the corporation, and whether the corporation
> has been used for personal purposes.

*Id. See also Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So. 2d 969, 977 (Miss. 2007)

(requiring three factors to pierce the corporate veil—some frustration of contractual expectations,

the flagrant disregard of corporate formalities, and fraud or other equivalent misfeasance).[8]

Nabors has produced no evidence regarding corporate governance or corporate formalities.

She does not allege commingling funds, a failure to follow statutory formalities for incorporating

and transacting corporate affairs, undercapitalization, a failure to provide separate bank accounts,

or a failure to hold regular corporate meetings. *See Huard v. Shreveport Pirates, Inc.*, 147 F.3d

406, 409-10 (5th Cir. 1998). Though Malone is the sole officer and shareholder of M & M, the fact

---

[8] In non-diversity alter ego cases, the Fifth Circuit applies state and federal cases interchangeably. *Chao v. OSHRC*, 401 F.3d 355, n.3 (5th Cir. 2005) (citing *Century Hotels v. United States*, 952 F.2d 107, 110 n. 4 (5th Cir. 1992)).

that one person is the sole shareholder of a corporation does not alone justify piercing the corporate veil. *See id.* Nor does Nabors allege Malone used the corporation for personal purposes. And while Malone may have referred to himself as the owner of the Subway franchise, ownership is but one factor.[9]

The crux of Nabors's argument for piercing the corporate veil is her allegation that Malone misled the EEOC as to the ownership of the franchise by failing to disclose the name of M & M, thereby perpetuating a fraud on the EEOC. However, the "U.S. Equal Employment Opportunity Commission Request for Information" asked the respondent to "State the legal status of your organization, *i.e.*, corporation, partnership, tax-exempt non-profit, etc. If incorporated, identify the state of incorporation."[10] Malone responded that "We are a corporation in Mississippi."[11] The request asked *only* for the legal status of the organization (corporation) and the state of incorporation (Mississippi). Malone fully and completely answered the request. This Court will not fault Malone for not answering a question the EEOC failed to ask. Nabors alleges any fault in her suing Malone rather than M & M lay with Malone's misleading statements to the EEOC. The Court finds that not only did Malone not mislead the EEOC, but that Nabors had constructive—if not actual—knowledge of M & M's existence, as its identity is disclosed on her 2017 W-2.[12]

---

[9] Applying Louisiana law, the Fifth Circuit observed that Louisiana has not "imposed personal liability on a corporate shareholder strictly on alter ego or instrumentality grounds, where some form of misrepresentation, financial impropriety or inequity was not also present. . . . [A] showing of inequity resulting from the disregard of the corporate formalities is required to prevent shareholders who are merely lax, casual, or sloppy from being penalized." *Huard*, 147 F.3d at n.3.

[10] [Dkt. 88-2], p. 1.

[11] *Id.* at p. 2.

[12] *See* [Dkt. 71-6].

*Conclusion*

Resolving all factual controversies in Plaintiff's favor, the Court finds no genuine issue of material fact exists as to the identity of her employer. In short, Malinda Nabors sued the wrong defendant.[13] And that oversight proves fatal to her case.[14] Neither Malone's ownership nor his control of M & M makes him Nabors's "employer" within the meaning of the ADEA. *See, e.g., U.S. ex rel. Siewick v. Jamieson Science and Engineering, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003).

> The corporation only is the employer of the corporation's employees. A corporation is a distinct entity from its shareholders, and corporate officers, even when they may seem to function as an employer, act only as agents on behalf of the corporation. The principle applies with no less force when an individual has a significant ownership interest in the corporation and substantially controls its actions.

*Id.* (citations omitted).

For the reasons fully explained above, Defendant's Motion for Summary Judgment [71] is GRANTED, and Defendant Pete Malone is fully and finally dismissed from this action with prejudice. A final judgment consistent with this opinion will enter today.

SO ORDERED, this the 26th day of June, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[13] The Court notes that while Nabors initiated this suit *pro se*, she was represented by counsel when she filed her amended complaint, and continues to be so represented.

[14] *See, e.g., Bryant v. Western Electric Co.*, 572 F.2d 1087, 1089 (5th Cir. 1978) (affirming summary judgment when plaintiff originally filed charge against wrong entity and then sought to file an out-of-time charge against his employer).